Slip Op. 09 - 66

UNITED STATES COURT OF INTERNATIONAL TRADE

- - - - - - - - - - - - - - - - - - - -x
SEYLINCO, S.A.,                          :

                      Plaintiff, :

          v.                             :

UNITED STATES,                           :

                                         :  Court No. 07-00200
                      Defendant,
          -and-                          :

AMERICAN HONEY PRODUCERS ASSOCIATION :
and SIOUX HONEY ASSOCIATION,

                                         :
          Intervenor-Defendants.
- - - - - - - - - - - - - - - - - - - -x

Memorandum & Order

[Plaintiff's motion for judgment on the
 agency record denied; action dismissed.]

                                  Decided:  June 26, 2009


     deKiefer & Horgan (Gregory S. Menegaz and John J. Kenkel)
for the plaintiff.

     Tony West, Assistant Attorney General; Jeanne E. Davidson,
Director, Patricia M. McCarthy, Assistant Director, Commercial
Litigation Branch, Civil Division, U.S. Department of Justice
(Richard P. Schroeder); and Office of the Chief Counsel for
Import Administration, U.S. Department of Commerce (Matthew D.
Walden), of counsel, for the defendant.

     Kelley Drye & Warren LLP (Michael J. Coursey and R. Alan
Luberda) for the intervenor-defendants.


          AQUILINO, Senior Judge:   The plaintiff has commenced

this action and interposed a motion for judgment on the record

compiled by the International Trade Administration, U.S. Department of Commerce ("ITA"), sub nom. Honey from Argentina: Notice of Final Results of Antidumping Duty Administrative Review and Determination Not to Revoke in Part, 72 Fed.Reg. 25,245 (May 4, 2007), which state that the agency had been requested to revoke its underlying antidumping-duty order

> in regard to Seylinco pursuant to 19 CFR § 351.222 based on three consecutive zero margins. We preliminarily determined not to revoke the order with respect to Seylinco because it did not ship in commercial quantities during each of the three years forming the basis of its request.  . . . For these final results, the Department has relied upon Seylinco's sales activity during the 2002-2003, 2003-2004, and 2004-2005 PORs in making its decision with respect to Seylinco's revocation request. Although Seylinco had three consecutive years of sales at not less than normal value (NV), Seylinco did not sell subject merchandize in commercial quantities in each of these three years forming the basis of the request for revocation. Thus, Seylinco is not eligible for consideration for revocation pursuant to 19 CFR 351.222(d)(1). Accordingly, we have determined not to revoke the antidumping duty order with respect to Seylinco.[1]

I

The court's subject-matter jurisdiction is pursuant to 28 U.S.C. §§ 1581(c), 2631(c), and the standard of review of defendant's foregoing determination is whether it is unsupported

---

[1] 72 Fed.Reg. at 25,245. "PORs" are the particular periods of ITA review, during which the plaintiff claims honey "containers . . . fully loaded, although the number of drums could fluctuate slightly from container to container", totalled 25, four, one, and 24.  Plaintiff's Rule 56.2 Memorandum, p. 5.

by substantial evidence on the record, or otherwise not in accordance with law. 19 U.S.C. §1561a(b)(1)(B). And, as the determination indicates, that law includes an ITA regulation with regard to revocation of antidumping-duty orders, namely, 19 C.F.R. §351.222(b), which sets forth the factors to be considered, including:

> (A) Whether one or more exporters or producers covered by the order have sold the merchandise at not less than normal value for a period of at least three consecutive years; . . . and . . .

> (C) Whether the continued application of the antidumping duty order is otherwise necessary to offset dumping.

> (ii) If the Secretary determines, based upon the criteria in paragraphs (b)(2)(i)(A) through (C) of this section, that the antidumping duty order as to those producers or exporters is no longer warranted, the Secretary will revoke the order as to those producers or exporters.

19 C.F.R. §351.222(b)(2)(i)(A), (C) and (2)(ii).

> . . . However, . . . before revoking an order or terminating a suspended investigation, the Secretary must be satisfied that, during each of the three . . . years, there were exports to the United States in commercial quantities of the subject merchandise to which a revocation or termination will apply.

19 C.F.R. §351.222(d)(1). Hence, there is a requirement that an exporter or producer requesting revocation certify that,

> during each of the consecutive years referred to in paragraph (b) of this section, [it] sold the subject merchandise to the United States in commercial quantities[.]

19 C.F.R. §351.222(e)(1)(ii). Whereupon, the requirement of "commercial quantities" is the rub in this action.

Counsel for the plaintiff explain that one fully-loaded container

> holds approximately 60 drums weighing approximately 330 kilograms – in retail terms, the equivalent of approximately 60,000 12-ounce honeybear jars. Seylinco submits that these quantities were commercial quantities per se. Indeed, Seylinco submits that the parties are in agreement that bulk honey is typically, if not exclusively, sold in fully loaded containers – as are most bulk items transported by ocean freight – so the record cannot support the Department's finding that a fully loaded shipping container is not a "commercial quantity."

Plaintiff's Rule 56.2 Memorandum, p. 3. The summary of their argument is that

> Seylinco sold at de minimis margins in three consecutive reviews. By petitioners' own admission, Seylinco sold commercial quantities – at least one container – at not less than fair value in three consecutive PORs. The regulations do not qualify "commercial quantities" so it is arbitrary and capricious for the Department to determine that an unspecified level of commercial quantities now is required to qualify for revocation.[2]

_____

[2] Plaintiff's Rule 56.2 Memorandum, p. 8.  Moreover, the plaintiff

> does not concede that the minimum commercial quantity is a container. A full 20 foot container of honey drums contains approximately 60 . . . weighing approximately 20,000 kgs in total.  Even half a container would contain 30 drums and 10,000 kgs of honey.

Id. at 8-9.

The defendant responds that the commercial-quantities standard

> is evaluated on a case-by-case basis.  . . . That is, there is no magic number or magic level of sales that would indicate sales in commercial quantities; rather, each revocation request must be evaluated based upon its own facts, and the circumstances of the companies and industry in question.

Defendant's Memorandum, p. 20.  It proceeds to point out that the ITA generally uses the original period of investigation as its benchmark, but Seylinco did not ship honey to the United States during that timeframe, whereupon it looked to the company's shipments during the period of first administrative review for a benchmark.  See id. at 20-21.  That turned out to be 25 containers, followed, as indicated above, by shipments of four, one, and 24 in the next three years.  See id. at 21.

If, as the plaintiff explains, a scare of possible contamination of its honey "drastically curtailed"[3] exports to the United States during the two years of but five total Seylinco containers, followed by the 24, this court cannot conclude that the chosen agency benchmark of 25, on its face, is out of order.  And, this being the case, the court also cannot conclude that it was arbitrary and capricious and an abuse of

---

[3] Id. at 5.

discretion for the ITA to have determined not to count the single, third POR container as "commercial quantities" of Seylinco merchandise. That is, it was in accordance with law to have so determined. <u>See</u>, <u>e.g.</u>, <u>Shandong Huarong Machinery Co. v. United States</u>, 31 CIT __, Slip Op. 07-169 (Nov. 20, 2007).

II

In view of the foregoing, plaintiff's motion for judgment upon the agency record must be denied.[4] Judgment will enter accordingly.

So ordered.

Decided: New York, New York
June 26, 2009

___/s/ Thomas J. Aquilino, Jr.____
Senior Judge

---

[4] Given the quality of the written submissions on all sides, plaintiff's motion for oral argument can be, and it also hereby is, denied.